UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY T. FRAZIER ]
    Plaintiff, ]
     ]
v. ] No. 3:11-0742
     ] JUDGE HAYNES
SHERIFF ROBERT ARNOLD, et al. ]
    Defendants. ]

### M E M O R A N D U M

Plaintiff, Gary T. Frazier, an inmate at the Rutherford County Adult Detention Facility in Murfreesboro, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Robert Arnold, Sheriff of Rutherford County; and Lieutenant Chris Deal, a member of the Detention Facility staff. Plaintiff seek damages for the denial of rehabilitation services.

Plaintiff, pre-trial detainee, is an alleged sex offender and alleges that in violation of his right to the equal protection of the law, Plaintiff and other sex offenders are not allowed to have a job or participate in rehabilitative programs at the Detention Facility that would shorten their sentences.

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535

(1981).[1]

An equal protection claim requires more than a simple showing that other inmates are being treated differently than the Plaintiff. Booher v. U.S. Postal Service, 843 F.2d 943,944 (6th Cir.1988). Rather, the Plaintiff must also demonstrate that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." Newell v. Brown, 981 F.2d 880,887 (6th Cir.1992.

Here, the Plaintiff simply alleges that he is being treated differently than other inmates at the Detention Facility, based upon his convictions. Yet, inmates are not a suspect class for equal protection purposes. Michael v. Ghee, 498 F.3d 372,379 (6th Cir.2007). Thus, Plaintiff has failed to state an equal protection claim.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the Plaintiff is unable to prove every element of a § 1983 cause of action. Plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

/s/ William J. Haynes, Jr.
WILLIAM J. HAYNES, JR.
United States District Judge

---

[1] Parratt was overruled on other grounds in Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).